**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SOFONIAS ALFARO-REYES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70742

Agency No. A087-764-166

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Sofonias Alfaro-Reyes, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for relief under the

Convention Against Torture ("CAT") and denying his request to remand and

terminate proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the BIA's denial of CAT relief because Alfaro-Reyes failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holde*r, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

The BIA did not abuse its discretion in denying Alfaro-Reyes' request to remand and terminate proceedings where his contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from NTA can be cured for jurisdictional purposes by later hearing notice).

As stated in the court's June 26, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**